# Exhibit A

UNITED STATES OF AMERICA
before the
SECURITIES AND EXCHANGE COMMISSION

SECURITIES EXCHANGE ACT OF 1934
Release No. 94398 / March 11, 2022

WHISTLEBLOWER AWARD PROCEEDING
File No. 2022-38

In the Matter of the Claims for an Award

in connection with

Redacted

Redacted

Notice of Covered Action   Redacted

**ORDER DETERMINING WHISTLEBLOWER AWARD CLAIMS**

The Claims Review Staff ("CRS") has recommended the denial of claims for a whistleblower award submitted by Redacted ("Claimant 1") and Redacted ("Claimant 2") in connection with the above-referenced Covered Action (the "Covered Action").[1]

After considering the administrative record, we choose to depart from the CRS's recommendation and award Claimant 1 an award of about $14 million, which is equal to Redacted *** percent (***) of the collected monetary sanctions in the Covered Action. We concur, however, with the CRS's recommendation that Claimant 2's award claim should be denied.

I. **Background**

On Redacted, the Commission filed a settled Redacted proceeding charging Redacted (the "Company"), and its Redacted Redacted ("CEO"), with negligently failing to Redacted Redacted

---

[1] The Preliminary Determination also recommended denying an award to two other claimants who had jointly filed award claims. Those determinations were not contested and, thus, the CRS's preliminary determination to deny that award application became final pursuant to Rule 21F-10(f) under the Securities Exchange Act of 1934 ("Exchange Act").

1

*** Redacted. Without admitting or denying the findings against them, the Company and its CEO consented to the entry of the Commission's order that, among other remedies, required the Company to pay Redacted and the CEO to pay Redacted Redacted.

On Redacted, the Commission's Office of the Whistleblower ("OWB") posted the Notice for the Covered Action. Claimant 1 and Claimant 2 filed timely whistleblower award applications.

Claimant 1 stated in his/her award application that he/she had published an online report exposing the fraud committed by the Company and the CEO in Redacted, and that this report, along with the subsequent assistance he/she provided to the Commission's investigative staff caused the Commission to discover the existence of the fraud and contributed to the success of the Covered Action. Claimant 1 contended that he/she satisfied the requirement of reporting this information to the Commission by "properly execut[ing] and fil[ing] [his/her] Form TCR on Redacted," which was more than four years after Claimant 1 had released the report about the Company and two months after OWB posted the Notice of Covered Action for this matter.[2]

Claimant 2, in contrast to Claimant 1, did not submit a tip to the Commission. Rather, Claimant 2 stated that he/she "was a principal author of [a] report . . . released publicly on Redacted . . . [containing] information and analysis [that] became the cornerstone of the Commission's case" in the Covered Action. This is the same online report that Claimant 1 published, as discussed above.[3]

## II.    Preliminary Determination and Responses

The CRS preliminarily determined to deny both Claimants' award applications. The CRS cited three reasons for denying Claimant 1's award claim: (1) Claimant 1 was not a whistleblower within the meaning of Rule 21F-2(a) under the Exchange Act prior to Redacted – the date on which Claimant 1 first submitted a Form TCR pursuant to Exchange Act

---

[2] Claimant 1 argued that, even if his/her TCR was late-filed, the Commission should waive the requirement because "extraordinary circumstances in [Claimant 1]'s case justify a waiver of any Form TCR filing deadline," in this case in light of the fact that Claimant 1 "had a long history of detecting possible securities violations, independently investigating them, Redacted, answering questions, producing documents and providing other assistance to the Staff" and because [Claimant 1's] "public report contained virtually all of the information requested on a Form TCR."

[3] The report was published under the name Redacted by an entity called Redacted. *** The report does not specify the name(s) of its author(s). Both Claimants, however, stated that they took part in preparing the report. The report lists Claimant 1 as the entity's Redacted There is no evidence contradicting either Claimant's assertion of having participated in the writing of the report and we, therefore, credit both as having been authors of the report.

2

Rule 21F-9(a);[4] (2) Claimant 1 did not provide original information to the Commission on a voluntary basis, as required by Rule 21F-4(a), because any information that Claimant 1 provided to the Commission was submitted after Claimant 1 received a request from Commission staff that related to the subject matter of Claimant 1's submission;[5] and (3) Claimant 1's information did not lead to the success of the Covered Action within the meaning of Exchange Act Section 21F(b)(1) and Rules 21F-3(a) and 21F-4(c) thereunder.[6]

The CRS cited two reasons for denying Claimant 2's award claim: (1) Claimant 2 was not a "whistleblower" under Exchange Act Rule 21F-2(a) because Claimant 2 did not provide the Commission with information relating to a possible securities law violation pursuant to the procedures set forth in Exchange Act Rule 21F-9; and (2) Claimant 2's information did not lead to the success of the Covered Action within the meaning of Exchange Act Section 21F(b)(1) and Rules 21F-3(a) and 21F-4(c) thereunder.

Both Claimants submitted timely written requests for reconsideration. Addressing the CRS's first ground for denying Claimant 1's award application, Claimant 1 argues that "[n]othing in the Commission's Rules required [Claimant 1] to provide [his/her] original information first through a Form TCR"[7] and that "even if the Commission concludes that [Claimant 1] did not comply with certain technical requirements, it erred in refusing to waive them." Claimant 1 notes that he/she did ultimately submit a Form TCR containing his/her allegations about the Company and that it is immaterial under the rules when he/she submitted the Form TCR.[8] Indeed, Claimant 1 contends the whistleblower rules expressly contemplate that a person could be eligible for an award even if the information in the person's Form TCR was already known to the staff when the person submitted it to the Commission "as long as the person was 'the original source of the information,'" which Claimant 1 was as the author of a [Redacted] online report the staff relied upon in opening its investigation. Claimant 1 further contends that the CRS erred in finding that he/she submitted his/her information to the Commission only after receiving a request from Commission staff that related to the subject

---

[4] *See* Exchange Act Rule 21F-2(a), 17 C.F.R. § 240.21F-2(a); Exchange Act Rule 21F-9(a), 17 C.F.R. § 240.21F-9(a).

[5] *See* Exchange Act Rule 21F-4(a), 17 C.F.R. § 240.21F-4(a).

[6] *See* Section 21F(b)(1) of the Exchange Act, 15 U.S.C. § 78u-6(b)(1); Exchange Act Rule 21F-3(a), 17 C.F.R. § 240.21F-3(a).

[7] Claimant 1 emphasizes that there was no requirement under the whistleblower rules at the time he/she submitted his/her Form TCR that required an individual to provide his or her original information first through a Form TCR and that this requirement was only proposed for the first time when the Commission issued its proposal to amend the whistleblower rules in 2018. Further, Claimant 1 notes that, in its release proposing the rule amendments, the Commission needed, in the Commission's words, to "'clarify" that "the first time an individual provides information to the Commission that the individual will rely upon as a basis for claiming an award, the individual must provide that information in accordance with the procedures specified in Rules 21F-9(a) and (b)."

[8] Claimant 1 does not argue that the [Redacted] Form TCR contained any new information that significantly contributed to the success of the Covered Action, as the Form TCR was submitted after the posting of the Notice for this Covered Action.

3

matter of Claimant 1's submission. Claimant 1 maintains that he/she, in fact, emailed an attorney in the Commission's Division of Enforcement (the "First Enforcement Attorney") with his/her allegations just three days after the online report was published and before the staff reached out to him/her to request the information.[9] Claimant 1 further notes that his/her attorney followed-up with the First Enforcement Attorney just a few weeks later, and that the First Enforcement Attorney asked that Claimant 1 send him data supporting the allegations. Before Claimant 1 was able to transmit his/her supporting information to the First Enforcement Attorney, he/she was contacted by a different Enforcement attorney, who had read the online report, on ~~Redacted~~, and subsequently sent the materials to that attorney. This second Enforcement attorney was, in fact, one of the attorneys assigned to the Enforcement team that was investigating the Company and later recommended the Commission bring the enforcement action (the "Enforcement Investigative Attorney"). Claimant 1 argues that his/her information did lead to the success of the Covered Action because the online report caused the opening of the investigation and he/she provided this information to the Commission on "multiple" occasions.[10] Finally, Claimant 1 contends that, even if he/she failed to comply with certain procedural requirements, the Commission should exercise its discretion under Rule 21F-8(a) to excuse Claimant 1 from these requirements because Claimant 1 "provided the type of extraordinary assistance that the [whistleblower] program was designed to reward."

Claimant 2 asserts in his/her reconsideration request that the information and analysis in the online report was "the cornerstone" of the Commission's case in the Covered Action. Claimant 2 does not dispute that he/she did not file a Form TCR as required by Rule 21F-9; rather Claimant 2 contends that the Commission was "directly notified" of his/her online report via "1) iContact email push notification, 2) tweets from [Claimant 2's] account, [and] 3) significant media coverage of the [r]eport." Claimant 2 further argues that the Commission should exercise its discretionary authority under Rule 21F-8(a) to excuse any procedural omissions Claimant 2 may have committed in this matter.

The CRS rejected both Claimants' contentions and reaffirmed its initial recommendation that both Claimants' award claims be denied.

---

[9] The Enforcement Investigative Attorney stated in a supplemental declaration that he did not recall Claimant 1 mentioning any prior contacts he/she had had with Commission staff regarding the Company. Further, Claimant 1 did not mention this correspondence with the First Enforcement Attorney in either his/her ~~Redacted~~ Form TCR or in his/her award application.

[10] Claimant 1 states that he/she "gave" his/her report about the Company to the Commission "multiple times" – "when [he/she] emailed the report to [a Commission staff attorney] and to a listserve that [he/she] believed included SEC staffers, and when [he/she] released it online knowing it would reach the Commission . . . [and] when [he/she] submitted the report along with [his/her] Form TCR."

4

### III.     Analysis

To qualify for a whistleblower award under Section 21F of the Exchange Act, an individual must voluntarily provide the Commission with original information that leads to the successful enforcement of a covered action.[11]

### A.     Claimant 1

Claimant 1 emailed a copy of his/her report to the First Enforcement Attorney, who, as noted, was not a member of the Covered Action investigative team, in [Redacted], just three days after the report was released online and a month before the Commission opened its investigation of the Company. Claimant 1 did not, however, submit a Form TCR until four years later, in [Redacted], which was [Redacted] months *after* the Covered Action had concluded. The requirement of submitting a tip in the prescribed manner on Form TCR or through the Commission's TCR System[12] is not a mere formality but, rather, is critical to the trackability, management, and reliability of tips. The programmatic purposes of requiring whistleblowers to submit their information on Form TCR or through the online TCR portal include: allowing the Commission to promptly determine whether an individual who submits information is subject to heightened whistleblower confidentiality protections; helping the staff efficiently process the information and other documentation provided by the individual and assess its potential credibility; and assisting the Commission in eventually evaluating the individual's potential entitlement to an award.[13] Also, by submitting a tip on Form TCR, the submitter declares under penalty of perjury that the information is true and correct to the best of the submitter's knowledge and belief. A tip that bypasses the TCR System may not contain the sworn declaration under penalty of perjury as to the veracity of the information. The fact that

---

[11]     Exchange Act Section 21F(b)(1), 15 U.S.C. § 78u-6(b)(1).

[12]     The TCR System (short for "Tips, Complaints, and Referrals System") is the Commission's electronic database which records and stores information received from whistleblowers and others about potential securities law violations and records staff action taken with regard to tips, complaints, and referrals ("TCRs") entered into the system.

[13]     As the Commission explained in its release adopting the rule amendments, "compliance with Rule 21F-9(a) is required in other contexts because it allows precise and reliable tracking of information for determining award eligibility as well as for helping clarify which submitters should receive heightened confidential treatment." Whistleblower Program Rules, Exchange Act Rel. No. 89963 (Sept. 23, 2020) ("Adopting Amendments Release") at 73. The Commission further observed that "the TCR requirement allows the Commission to manage and track the thousands of tips that it receives annually and to connect tips to each other so as to make better use of the information provided." *Id*. at 99 (internal quotations omitted). *See also* Proposed Amendments to the Whistleblower Rules, Exchange Act Rel. No. 83577 (June 28, 2018) ("Proposed Amendments") at 67 ("In our experience to date in the awards context, compliance with existing Rule 21F-9(a) has proven to be beneficial for enabling the Commission to determine, in a precise and reliable manner, which persons submitted which information on which dates.") and at 83 (noting that the TCR submission requirement "advances many programmatic purposes . . . include[ing] allowing the Commission to promptly determine whether an individual who submits information is subject to heightened whistleblower confidentiality protections; helping the staff efficiently process the information and other documentation provided by the individual and assess its potential credibility; and assisting the Commission in eventually evaluating the individual's potential entitlement to an award").

Claimant 1 ultimately submitted a Form TCR years after the online report and Claimant 1's email to the First Enforcement Attorney does not serve the programmatic goals of ensuring that information is properly tracked, reviewed and assessed.

In 2020, the Commission adopted a limited exception to the Rule 21F-9(a) and (b) TCR filing requirement.[14] New Rule 21F-9(e) clarifies that claimants must comply with the procedures for submitting information described in Rules 21F-9(a) and (b) within 30 days of providing the Commission with the original information to be relied upon as a basis for claiming an award. In addition, it provides for an automatic waiver of the TCR filing requirement where a claimant can show that he or she complied with the submission requirements of the rule within 30 days of "first obtaining actual or constructive notice about those requirements (or 30 days from the date you retain counsel to represent you in connection with your submission of original information, whichever occurs first);" and "[t]he Commission can readily develop an administrative record that unambiguously demonstrates that you would otherwise qualify for an award."[15] Claimant 1 is not eligible for the automatic waiver under Rule 21F-9(e) because he/she was represented by counsel when he/she sent the email to the First Enforcement Attorney in [Redacted] and did not submit a Form TCR within 30 days thereafter.

Nevertheless, we have determined that it would be in the public interest and consistent with the protection of investors for the Commission to exercise our discretionary authority under Section 36(a) of the Exchange Act[16] to waive the TCR filing requirements of Rules 21F-9(a) and (b) in light of the unusual facts and circumstances present here. Specifically, Claimant 1: (1) emailed a copy of his/her online report to the First Enforcement Attorney just three days after posting it on the Internet and Claimant 1's attorney followed-up with the First Enforcement Attorney a few weeks later; (2) the information in Claimant 1's online report was credible and of high quality and caused Enforcement staff to open an investigation that ultimately resulted in the successful Covered Action and returned millions of dollars to harmed investors; (3) Claimant 1 submitted his/her tip just [Redacted] after the whistleblower rules went into effect, when the filing requirements were still unfamiliar to many individuals; and (4) the Enforcement Investigative Attorney provided warnings to Claimant 1 that there could be criminal penalties for providing false information to the Enforcement staff.[17]

---

[14] Adopting Amendments Release at 94-102.

[15] While claimants like Claimant 1, who have counsel are deemed to have constructive notice of the TCR filing requirements, and as such, are not entitled to the automatic waiver allowed by new Rule 21F-9(e), we noted that we will continue to review and assess the appropriateness of using our discretionary Section 36(a) exemptive authority where a claimant is represented by counsel but fails to meet the Form TCR filing requirements. For the reasons discussed herein, we find that the present facts and circumstances warrant the exercise of our Section 36(a) exemptive authority so as to find Claimant 1 eligible for an award.

[16] Section 36(a) of the Exchange Act provides the Commission with broad authority to exempt any person from any provision of the Exchange Act or any rule or regulation thereunder to the extent that such exemption is (i) "necessary or appropriate in the public interest" and (ii) "is consistent with the protection of investors."

[17] We note, in this regard, that we have exercised our Section 36(a) exemptive authority in other cases where a whistleblower represented by counsel filed a Form TCR years after first providing information to the Commission. *See, e.g.,* Order Determining Whistleblower Award Claim, Exchange Act Rel. No. 90721 (Dec. 18, 2020) (claimant

The record demonstrates that Claimant 1 voluntarily provided original information to the Commission that led to the successful enforcement of the Covered Action.[18] Claimant 1 voluntarily provided the First Enforcement Attorney with a copy of the report three days after posting it on the Internet and before receiving any request from the Commission. While the investigation was opened as a result of the Enforcement Investigative Attorney discovering the report through his own Internet search, and not as a result of receiving Claimant 1's submission to the First Enforcement Attorney, Claimant 1 was an original source of the report.[19] The investigation was opened based on the information in the report, which contained analysis derived from a large number of publicly-available and non-public sources,[20] and which alleged that [Redacted] [Redacted]. This allegation ended up being the basis of the charges that the Commission ultimately brought against the Company and its CEO. We thus conclude that Claimant 1 provided information that led to the successful enforcement of the Covered Action by providing the Commission with original information that was sufficiently specific, credible, and timely to cause the staff to open its investigation and that the Commission brought the Covered Action based on conduct that was the subject of Claimant 1's information.

Applying the award criteria in Rule 21F-6 of the Securities Exchange Act of 1934 to the specific facts and circumstances here, we have determined to grant Claimant 1 an award of *** of the monetary sanctions collected in the Covered Action.[21] In reaching this determination, we positively assessed the following facts: (i) Claimant 1, an outsider of the Company, was expeditious in reporting the information to the Commission; (ii) Claimant's information was

---

filed a Form TCR nearly two years after first providing information to the Commission); Order Determining Whistleblower Award Claims, Exchange Act Rel. No. 90580 (Dec. 7, 2020) (claimant's counsel filed a Form TCR two and a half years after claimant had first provided information to the Commission, when the investigation was nearly complete).

[18]  *See* Exchange Act Section 21F(b)(1), 15 U.S.C. § 78u-6(b)(1); Exchange Act Rule 21F-3(a), 17 C.F.R. § 240.21F-3(a).

[19]  Exchange Act Rule 21F-4(b)(5), 17 C.F.R. § 240.21F-4(b)(5), provides that "[t]he Commission will consider you to be an original source of the same information that we obtain from another source if the information satisfies the definition of original information and the other source obtained the information from you or your representative."

[20]  According to the [Redacted] [Redacted] report, it was put together with the assistance of " [Redacted]" and involved " [Redacted] [Redacted]" as well as the " [Redacted] ***."

[21]  In assessing the appropriate award amount, Exchange Act Rule 21F-6 provides that the Commission consider: (1) the significance of information provided to the Commission; (2) the assistance provided in the Commission action; (3) law enforcement interest in deterring violations by granting awards; (4) participation in internal compliance systems; (5) culpability; (6) unreasonable reporting delay; and (7) interference with internal compliance and reporting systems.  17 C.F.R. § 240.21F-6.

significant as it alerted the staff to the ongoing securities violations; (iii) Claimant's prompt reporting to the Commission allowed the Commission to stop an ongoing fraud and ultimately to return millions of dollars to harmed investors; and (iv) the charges brought by the Commission bear a close nexus to the information provided by Claimant.

While the investigation was opened based in large part on Claimant 1's research and analysis, as summarized in Claimant 1's online report, investigative staff independently obtained key evidence on the ⟨Redacted⟩ and ⟨Redacted⟩ underpinning the violations from other sources.[22] Thus, although Claimant 1 was responsive to the staff's requests for additional information, Claimant 1 was not in a position to provide continuing helpful information and assistance during the investigation.

  B.  **Claimant 2**

Section 21F of the Exchange Act defines the term "whistleblower" to include "any individual who *provides* . . . information relating to a violation of the securities laws to the Commission, *in a manner established, by rule or regulation, by the Commission*."[23] It also directs that "[n]o award under subsection (b) shall be made . . . to any whistleblower who fails to *submit information to the Commission in such form as the Commission may, by rule, require*."[24] Exchange Act Rule 21F-2(a)(2), applicable at the time of the Claimants' award applications, but since amended, stated, "To be eligible for an award, you *must submit* original information in accordance with the procedures and conditions described in §§ 240.21F-4, 240.21F-8, and 240.21F-9 of this chapter."[25] As we previously observed, "[t]he plain language of Section 21F and of our whistleblower rules . . . requires that information be 'provided' and 'submitted' directly to the Commission in order to support an award—and makes no allowance for the online publication of information that, by happenstance, indirectly makes its way into the hands of Commission staff."[26] Even if an individual was the original source of a report that the Commission staff discovered during an online search, in order to be eligible for an award, the individual would still need to demonstrate that he or she provided the report to the Commission in the form and manner required.[27]

---

[22]  Specifically, the documents that were critical to investigating and building the case included the Company's ⟨Redacted⟩ ⟨Redacted⟩.  In addition, ⟨Redacted⟩ ⟨Redacted⟩ obtained by the staff from ⟨Redacted⟩ established . None of these materials came from Claimant 1.

[23]  Exchange Act Section 21F(a)(6), 15 U.S.C. § 78u-6(a)(6) (emphasis added).

[24]  Exchange Act Section 21F(c)(2)(D), 15 U.S.C. § 78u-6(c)(2)(D) (emphasis added).

[25]  Exchange Act Rule 21F-2(a)(2), 17 C.F.R. § 240.21F-2(a)(2) (emphasis added).

[26]  Whistleblower Award Proceeding File No. 2018-7, Exchange Act Rel. No. 82955 (March 27, 2018) at 5; Whistleblower Award Proceeding File No. 2021-40, Exchange Act Rel No 91584 (April 16, 2021) at 4 (*same*).

[27]  *See Securities Whistleblower Incentives and Protections*, 76 Fed. Reg. at 34,321 n.187 (original source of information "must still satisfy all of the other requirements of Section 21F and of [the whistleblower] rules, including that the information was submitted voluntarily, it led to a successful Commission enforcement action or

8

For an individual to qualify for an award based on information that he or she provides, "our whistleblower rules require that the individual must provide his or her tip directly to the Commission and he or she must do so in accordance with the requirements of Exchange Act Rule 21F-9."[28] Rule 21F-9 generally requires that tips provided to the Commission before the effective date of the whistleblower rules (*i.e.*, August 12, 2011) must be provided in writing; and for tips submitted on or after the effective date, the tip must be submitted through the Commission's online portal or on Commission Form TCR.[29] Further, the whistleblower "must declare under penalty of perjury at the time [he or she] submits [the] information . . . that [the] information is true and correct to the best of [the whistleblower's] knowledge and belief."[30] Rule 21F-9(e) clarifies that if an individual fails to follow the submission procedures specified in this rule, then the individual "will be deemed ineligible for an award in connection with that information (even if [the individual] later resubmit[s] that information in accordance with [the provisions of the rule])."[31] We have explained that "[i]f the Commission receives an individual's information in another manner or through another source . . . , the individual will generally not be able to recover an award for that information [and that] failure to submit information to the Commission in accordance with the whistleblower rules discussed above means that the individual will generally not qualify as a 'whistleblower' (as defined in Exchange Act Rule 21F-2(a)) with respect to the information the Commission received and used."[32]

Claimant 2 does not dispute that he/she failed to submit his/her information to the Commission in accordance with the procedures set out in Rule 21F-9. Rather, Claimant 2 asserts that the dissemination of the information in the online report through "iContact email push notification," social media postings and "significant media coverage" was sufficient to constitute providing the information to the Commission. Regardless of whether these means could qualify as submissions to the Commission, Claimant 2 does not assert that he/she was the author or sender of these emails and postings and thus Claimant 2 has failed to show that he/she provided his/her information directly to the Commission. Accordingly, Claimant 2 does not qualify as a whistleblower under Exchange Act Section 21F(a)(6) and Rule 21F-2(a) and therefore is ineligible to receive an award.

---

related action, and [the claimant] is not ineligible for an award"). *See also supra* Exchange Act Rel. 82955 at 5 ("even an individual who qualifies as the original source of information that the Commission receives indirectly must *also* provide that same information directly to the Commission in order to qualify for an award [footnotes omitted].").

[28]   Whistleblower Award Proceeding File No. 2017-10, Exchange Act Rel. No. 80596 (May 4, 2017) at 6 n.9.

[29]   Exchange Act Rule 21F-9(a), 17 C.F.R. § 240.21F-9(a).

[30]   Exchange Act Rule 21F-9(b), 17 C.F.R. § 240.21F-9(b).

[31]   Rule 21F-9(e) applies to award applications pending as of the effective date of the amended rules and therefore applies to these applications.

[32]   Exchange Act Rel. No. 80596 at 6 n.9.

Claimant 2 requests that we use our discretionary authority under Exchange Act Rule 21F-8(a) to excuse his/her failure to submit information directly to the Commission as required by Rule 21F-2 as well as his/her failure to do so on Form TCR or through the TCR System's online portal as required by Rule 21F-9.[33]  In support of this relief, Claimant 2 asserts that he/she provided invaluable assistance to the Commission in its investigation by the information contained in the report.

Under Rule 21F-8(a), "the Commission may, in its sole discretion, waive any of [the] procedures [for submitting information or making a claim for an award] based upon a showing of extraordinary circumstances."  In determining whether a claimant has demonstrated extraordinary circumstances for purposes of Rule 21F-8(a) to excuse untimely submissions, we have previously looked to our decision in *In the Matter of the Application of PennMont Securities*.[34]  There, in determining whether extraordinary circumstances had been shown to permit an untimely filing under Commission Rule of Practice 420(b), 17 C.F.R. § 201.420(b), we explained that "the 'extraordinary circumstances' exception is to be narrowly construed and applied only in limited circumstances."[35]  An extraordinary circumstance is one "where the reason for the failure timely to file was beyond the control of the applicant that causes the delay."[36]  Further, "[e]ven when circumstances beyond the applicant's control give rise to the delay, . . . an applicant must also demonstrate that he or she promptly arranged for the filing . . . as soon as reasonably practical thereafter."[37]  The critical question is whether the facts and circumstances that gave rise to the procedural deficiency were sufficiently beyond the control of the claimant to support an exercise of our discretionary authority under Rule 21F-8(a) to excuse the untimeliness.

We find that Claimant 2 has not established the existence of any "extraordinary circumstances" that prevented Claimant 2 from complying with Rules 21F-2 and 21F-9.  Indeed, Claimant 2 has not proffered any reason for his/her failure to submit his/her information to the Commission.  Accordingly, Claimant 2 has not demonstrated "extraordinary circumstances" so as to trigger our discretionary authority under Rule 21F-8(a) to waive Claimant 2's noncompliance with Rules 21F-2 and 21F-9.

---

[33]   Exchange Act Rule 21F-8(a), 17 C.F.R. § 240.21F-8(a).

[34]   Exchange Act Release No. 61967 (Apr. 23, 2010), *aff'd PennMont Sec. v. SEC*, 414 F. App'x 465 (3d Cir. 2011).

[35]   *Id*. at 8-9.

[36]   *Id.; see also* Whistleblower Award Proceeding File No. 2018-2, Exchange Act Rel. No. 82181 (Nov. 30, 2017) at 9 (rejecting claimants' request that it use its discretionary authority to excuse their untimely TCR submission); Whistleblower Award Proceeding File No. 2019-3, Exchange Act Rel. No. 85273 (Mar. 8, 2019) (finding that claimants did not demonstrate the existence of "extraordinary circumstances" necessary to trigger the Commission's discretion to waive their failure to file their whistleblower award claims by the deadline); Whistleblower Award Proceeding File No. 2020-20 Exchange Act Rel. No. 89002 (June 4, 2020) at 5 (same); Whistleblower Award Proceeding File No. 2020-39, Exchange Act Rel. No. 90059 (Sept. 30, 2020) at 8 (same).

[37]   *Id*.

We further decline to exercise our discretionary exemptive authority under Exchange Act Section 36(a) to excuse Claimant 2's failure to submit information directly to the Commission as required by Rule 21F-2 as well as his/her failure to do so on Form TCR or through the TCR System's online portal as required by Rule 21F-9.  In contrast to Claimant 1, Claimant 2 did not submit any information concerning the Company to the Commission at any point prior to the settled ^Redacted proceeding or even prior to Claimant 2's award application on Form WB-APP.  The definition of "whistleblower" enacted by Congress in Exchange Act Section 21F(a)(6) requires that an individual provide information "to the Commission" to qualify as a whistleblower, and the Supreme Court has described this definitional requirement as "clear and conclusive."[38]  We have never before granted an exemption from this requirement, and we decline Claimant 2's invitation to do so now.[39]

In rejecting Claimant 2's award claim, we do not intend to diminish Claimant 2's role in investigating the Company and in publicly exposing the wrongdoing at the Company through writing and publishing the online report.  Nor do we wish to discourage others from undertaking similar efforts.  However, our whistleblower program is designed "to motivate those with inside or special knowledge *to come forward and assist the Government* to identify and prosecute persons who have violated securities laws and recover money for victims of financial fraud."[40]  To that end, Section 21F and our whistleblower rules unambiguously require individuals to provide their original information directly to the Commission and in the manner prescribed by the rules, if they wish to pursue a whistleblower award.

## IV.     Conclusion

It is hereby ORDERED that Claimant 1 receive an award of ^Redacted percent ( *** ) of the monetary sanctions collected or to be collected in the Covered Action.  It is further ordered that Claimant 2's whistleblower award claim be, and hereby is, denied.

By the Commission.

Vanessa A. Countryman
Secretary

---

[38]     *Digital Realty Trust, Inc. v. Somers*, 138 S. Ct. 767, 781-82 (2018).

[39]     Since we find that Claimant 2 did not submit his/her information to the Commission and thus did not provide original information in the manner prescribed under the whistleblower rules, we do not address Claimant 2's other objections to the Preliminary Determination.

[40]     S. Rep. No. 111-176, at 110-12 (emphasis added).