# Exhibit D

Class Action
July 29, 2022, 10:56 AM

# Mystery of Carson Block SEC Payout Deepens With Suit Outing Him

By John Holland

- SEC awarded $14 million for a report shared freely with the public
- Details of the case surfaced in a New York lawsuit

Carson Block seemed an unlikely candidate for a multimillion-dollar SEC whistleblower award in March, and not just because he was under Justice Department investigation for potential stock manipulation.

For starters, the information he provided the SEC in 2011 wasn't confidential, but instead had been blasted to thousands through emails and social media in a report he made public before sending to investigators. Block, the CEO of short selling firm Muddy Waters Inc., didn't submit the required whistleblower tip form until years after the deadline outlined in the whistleblower program law, and then only after the commission finished its investigation of the company his online report exposed.

Yet a lawsuit filed in New York state court this week revealed that Block was the recipient of a $14 million award from the Securities and Exchange Commission in March, under a program designed to reward knowledgeable insiders who send confidential tips about corporate fraud.

The SEC paid him for a report he gave away for free a decade earlier, even though agency staff said he didn't qualify for an award. The commission has given awards on less than 1% of the tips it receives.

The revelation sheds rare light on the SEC program, which keeps secrets well beyond its mandate to protect whistleblowers and often ignores its own rules when deciding who should get bounties that can top $100 million, according to a Bloomberg Law investigation.

It's not clear why it took the commission 11 years to decide on Block's award or why the SEC would reward him when, as reported by Bloomberg News, he was under investigation by the Department of Justice for some practices connected to short selling of stock.

'There is No Explanation'

The SEC by law must keep whistleblowers' names secret, but Block was identified when the co-author of his research report filed the lawsuit seeking half of Block's award. Kevin Barnes said in the complaint that he deserves equal credit for the report and that his own whistleblower claim was denied after the SEC said he never filed a formal tip.

Barne's attorney, David Slarskey, said he had no idea why it took the SEC over a decade to resolve the case.

"There is no explanation for why the SEC recognized Mr. Barnes as an author of the report, and noted his claim, but did not compensate him with part of the award," Slarskey wrote in a statement on his client's behalf. "Even more than that, though, Carson Block used Mr. Barnes and his work to obtain this windfall. That isn't fair either."

Block, through a spokesperson, declined to comment. The SEC did not respond to a series of questions from Bloomberg Law asking about its decision to award Block the money or the identity of Block's lawyer.

As a short-seller, Block makes money by driving down share prices of public companies. In 2011, he and Barnes sent a scathing critique of a China-based company called Focus Media on social media, to journalists, and to their contacts at the SEC.

It worked. Focus Media shares plummeted 40% when it published on Nov. 21, 2011, costing shareholders $1.3 billion and driving up the value of their positions.

He didn't file the required whistleblower tip form until 2015, after the SEC finished its investigation and had leveled a $55.6 million fine. Records indicate at least some of Block's tip was accurate.

The SEC final order said that when the men finished the report, they sent it to thousands of people using "iContact email push notification, social media postings and significant media coverage." Three days later Block sent it to contacts at the SEC who were not involved with the whistleblower program.

Keith Bishop, an attorney at Allen Matkins specializing in securities law, criticized the Block decision.

"This case illustrates that a government program that hands out millions of dollars while cloaked in secrecy at best invites mistrust and at worst malfeasance," Bishop wrote in an email.

**Simple Contract Case**

While the staff recommended rejecting both men, the commission decided to give Block the entire pot even while acknowledging it wouldn't typically waive the filing requirements.

The lawsuit is a simple contract case, hinging on what the men agreed to at the time and whether Barnes should get half of the award. But the few pages of information tucked into a court summons provide an inside look at the SEC process that has long been kept secret.

The whistleblower program's staff found that Block's late filing was disqualifying, and also concluded Block didn't provide the agency original information as required by the law, since it had already been published and rocked the stock market.

But the commission disagreed and decided to pay for information that was already easily available to their investigators, while acknowledging it wouldn't typically waive filing requirements in similar situations.

Claimants like Block, referred to in the SEC documents as Claimant 1, who have lawyers who understand the filing requirements "are not entitled to the automatic waiver," the commission wrote. It also found that Block's email blasts to unnamed SEC staff "warrant the exercise of our exemptive authority so as to find Claimant 1 eligible for an award."

To contact the reporter on this story: John Holland at jholland1@bloombergindustry.com

To contact the editor responsible for this story: Gary Harki at gharki@bloombergindustry.com

© 2023 Bloomberg Industry Group, Inc.   All Rights Reserved