

Evan Fried
(646) 893-6083
767 Third Ave, 14th Fl
New York, NY 10017

April 1, 2026

BY ECF
Hon. Michael M. Baylson
U.S. District Court, Eastern District of Pennsylvania
3810 U.S. Courthouse
601 Market Street
Philadelphia, PA 19106

Re*:*    *Block v. Barnes*, 2:23-cv-02483 (MMB)

Dear Judge Baylson:

We write on behalf of Defendant Kevin Barnes ("Barnes") pursuant to Your Honor's March 18, 2026 Order directing the parties to meet-and-confer concerning the issues set forth in Plaintiff Carson Block's ("Block") Motion to Compel and to file status reports concerning the same. (ECF No. 62.)

On March 25, 2026, counsel for Block sent us an 11-page deficiency letter reiterating the same grievances set forth in Block's Motion to Compel and responding to the arguments that Barnes made in opposition. (Ex. A.) Block does not offer a single concession backing-off the issues in his Motion to Compel, and indeed expands the disputed issues. (*See id.*)

We responded to Block's email attaching the letter, reminding counsel that the Court ordered the parties to attempt to narrow disputes—not *double-down* on arguments already made to the Court. We requested that Plaintiff "please provide, in writing, the compromises that [Block is] prepared to make" in order for a meet-and-confer to be productive. Plaintiff did not do so.

Nevertheless, counsel met-and-conferred two days later, on March 27. Block did not offer any concessions on the call. Barnes, by contrast, offered to: (1) withdraw his objection to answering an interrogatory requesting every "oral partnership" to which Barnes has been a party; (2) withdraw his objection to searching 15 years' worth of emails for possible communications with *The Wall Street Journal* and *Bloomberg* concerning Focus Media; and (3) withdraw his objection to searching communications made by Barnes' New York attorney—documents not in Barnes' custody or control—with reporters. Each of these measures is objectionable and not required by Fed. R. Civ. P. 26, but Barnes has nevertheless agreed to do so in the spirit of compromise.

Barnes adheres to his other objections that what Block seeks in this action is duplicative of discovery already sought in the Southern District of New York. This is a malicious action brought only to attempt to punish Barnes for his temerity in bringing a breach-of-partnership claim. It is the same tactic that Block is presently attempting elsewhere to bully his adversaries through similar claims of defamation. *See Muddy Waters Capital LLC v. Mota dos Santos et. al.*, No. 1-2025-cv-02090 (W.D. Tex.). It should be dismissed because the statements Block allege to be defamatory—public reporting in periodicals summarizing the allegations in the New York action—are covered under litigation and litigation-publicity privilege. The remaining issues that Block has asserted in his Motion to Compel and in meet-and-confers between the parties demand

that Barnes search for the same—and *broader*—documents and search-terms concerning every possible reference to Block, the "Focus Media" investigation, and the whistleblower application central to this dispute. Block has already—in the New York action—received expansive discovery into these topics resultant from very broad search terms negotiated with Block's New York counsel. Block in this action, however, has ignored the half-year of discovery and document production substantially completed in New York. Instead, Block seeks to inflict disproportionate burden on Barnes and to re-litigate the same discovery requests already resolved in New York. The Court should take a strict approach to its directive and deny all remaining "repetit[ive]" discovery. (ECF No. 39 ¶ 1, n.1.)

We thank the Court for its attention to this matter.

Respectfully submitted,
*//s// Evan Fried*
Evan Fried



2